**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

Eastern District of Kentucky
F I L E D

JUL 11 2022

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                   INFORMATION NO. _22-10-DLB_

**DEREK A. MAYS**

\*   \*   \*   \*   \*

**THE UNITED STATES ATTORNEY CHARGES:**

General Allegations

At all times relevant to this Information:

1.      The Eastern Kentucky Correctional Complex ("EKCC"), located in
West Liberty, Kentucky, was a state prison operated by the Kentucky Department
of Corrections ("DOC").  Located on the jail facility's grounds were Dorm 3, a
general housing unit, and Dorm 5, a restrictive housing unit.  The A-Lower wing
of Dorm 5 contained several one-person shower cells.  EKCC did not have
security cameras in the Dorm 5 shower cells.

2.      DEREK A. MAYS, the defendant, and Officers R.D., J.H., and J.B.
were employed by KDC and worked as Correctional Officers ("COs") at EKCC.

3.      At all times relevant to this Indictment, M.M. was an inmate housed
at EKCC.

4.      The Kentucky State Police ("KSP") was a state law enforcement

agency responsible for, among other things, investigating the assault of prisoners

in the care of DOC.

5.      The Internal Investigations Branch of the Kentucky Justice and

Public Safety Cabinet ("IIB") was a state investigative agency responsible for,

among other things, investigating the assault of prisoners in the care of DOC.

6.      Internal Affairs was an EKCC investigative unit responsible for,

among other things, investigating violations of policy or law by employees of

EKCC and DOC Officers R.D. and J.B. were members of EKCC's Internal Affairs

Unit.

7.      Each of these allegations is hereby referenced and incorporated into

each count of this Information.

### COUNT 1
### 18 U.S.C. § 1519

On or about July 24, 2018, in Morgan County, in the Eastern District of Kentucky,

defendant

**DEREK A. MAYS,**

acting in relation to and in contemplation of a matter within the jurisdiction of the United

States, knowingly made a false entry in a record and document with the intent to impede,

obstruct, and influence the investigation and proper administration of that matter.

Specifically, Mays wrote and signed an Occurrence Report ("OR") intended to cover up

the assault of inmate M.M. by Officers R.D., J.H., and J.B. in a Dorm 5 shower cell. The

OR contained a provision asking Mays to "Describe the occurrence in detail (include items such as who, what, when and where)." MAYS omitted reference to the fact that he had witnessed an assault, and instead wrote in his OR that "Once [M.M.] was placed in A Lower shower, [M.M.] was still being uncompliant and kicking at staff, Officer [R.D.] and Officer [J.B.] maintanied [sic] control of [M.M.]'s legs and upper body until [M.M.] became compliant." This statement was false and misleading because, as MAYS then well knew, Officer R.D., Officer J.H., and Officer J.B. punched, kicked, and stomped M.M. multiple times in the face, head, and body while M.M. was unresisting, lying face-down, and restrained by handcuffs and leg shackles.

All in violation of Title 18, United States Code, Section 1519.

### COUNT 2
### 18 U.S.C. § 1512(b)(3)

On or about July 24, 2018, in Morgan County, in the Eastern District of Kentucky, defendant

### DEREK A. MAYS

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States information relating to the commission and possible commission of a federal offense. Specifically, when an EKCC supervisor asked Mays if anyone used excessive force on M.M. while he was in the Dorm 5 shower cell, Mays knowingly misled his supervisor by (1) denying that there had been a physical altercation in the shower cell; and (2) claiming that Officers R.D. and J.B. had to stop M.M. from thrashing

around and hurting himself. These statements were misleading because, as Mays then

well knew, (1) Officer R.D., Officer J.H., and Officer J.B. had punched, kicked, and

stomped M.M. as alleged in Count 1; and (2) M.M. did not thrash around, hurt himself, or

attempt to hurt himself while he was in the Dorm 5 shower cell.

      All in violation of Title 18, United States Code, Section 1512(b)(3).

### COUNT 3
### 18 U.S.C. § 1512(b)(3)

      On or about July 25, 2018, in Morgan County, in the Eastern District of Kentucky,

defendant

### DEREK A. MAYS

knowingly engaged in misleading conduct towards another person in order to hinder,

delay, and prevent the communication to a law enforcement officer and judge of the

United States information relating to the commission and possible commission of a

federal offense. Specifically, when a KSP detective asked Mays if any correctional

officer ("CO") had hit or kicked M.M. while M.M. was in the Dorm 5 shower cell, Mays

knowingly misled the detective by (1) denying that his fellow COs had used force in the

shower cell; and (2)  claiming that M.M. had thrashed his body and hurt himself while he

was in the Dorm 5 shower cell. These statements were misleading because, as Mays then

well knew, (1) Officers R.D., J.H., and J.B. had punched, kicked, and stomped M.M. as

alleged in Count 1; and (2) M.M. did not thrash his body, hurt himself, or attempt to hurt

himself while he was in the Dorm 5 shower cell.

      All in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT 4
## 18 U.S.C. § 1512(b)(3)

On or about August 23, 2018, in Morgan County, in the Eastern District of

Kentucky, defendant

### DEREK A. MAYS

knowingly engaged in misleading conduct towards another person in order to hinder,

delay, and prevent the communication to a law enforcement officer and judge of the

United States information relating to the commission and possible commission of a

federal offense.  Specifically, when an investigator from the Internal Investigations

Branch of the Justice and Public Safety Cabinet of Kentucky asked Mays if Officers

R.D., J.H., and J.B. had struck, punched, or kicked M.M. while M.M. was in the Dorm 5

shower cell, Mays knowingly misled the investigator by (1) denying that the

aforementioned COs had used force in the shower cell; and (2) claiming that he had heard

his fellow COs order M.M. to stop thrashing his body and to stop attempting to strike the

COs.  These statements were misleading because, as Mays then well knew, (1) Officers

R.D., J.H., and J.B. had punched, kicked, and stomped M.M. as alleged in Count 1; (2) no

officer had ordered M.M. to stop thrashing his body and throwing his hands, because

M.M. had not thrashed his body or attempted to strike the COs.

All in violation of Title 18, United States Code, Section 1512(b)(3).

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## **PENALTIES**

**Count 1 – 4 :** For each count, not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:**       Mandatory special assessment of $100 per count.

**PLUS:**       Restitution, if applicable.